1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**RODNEY DOTSON,**

        **Plaintiff,**

**v.**                                                    **Case 2:18-cv-02088-MSN-cgc**

**FAYETTE COUNTY SCHOOLS,**
**MARLON KING, NEKITA**
**JOHNSON, JOHN DOES 1-5, and**
**JANE DOES 1-5,**

        **Defendants.**

---

**REPORT AND RECOMMENDATION ON**
**DEFENDANTS' MOTION TO DISMISS**

---

Before the Court are Defendants Fayette County Schools ("FCS"), Marlon King, and Nekita Johnson's Motion to Dismiss (Docket Entry (D.E.) #27).  The instant motion has been referred to the United States Magistrate Judge for Report and Recommendation.[1]  For the reason set forth herein, it is RECOMMENDED that Defendants' Motion to Dismiss be GRANTED.

**I.      Introduction**

On January 23, 2018, Plaintiff Rodney Dotson filed a *pro se* Complaint in Tennessee state court.  Therein, Plaintiff alleged that he was employed as a teacher at FCS and that a student made

---

[1]  **Error! Main Document Only.**The instant case has been referred to the United States Magistrate Judge by  Administrative Order 13-05 pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639.  All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

2

a complaint of sexual assault.  Plaintiff alleged that these allegations should have been quickly determined to be false; instead, they "resulted in submission of a false complaint, police report, Childrens['] Services Complaint, and in-school gossip and chatter . . . ."  Plaintiff alleged that he was also not "renewed" and, as such, his "chances at being re-hired were greatly reduced." Plaintiff requests that his name and reputation be cleared and that he be awarded punitive damages, reasonable attorneys' fees, and costs.  On February 6, 2018, Defendants removed the case to this Court.

On February 15, 2019, Defendants filed the instant Motion to Dismiss.  Defendants raise two issues: (1) Plaintiff has failed to provide fair notice of the nature of his claims and the grounds upon which they rest; (2) even if the Plaintiff's alleged causes of action can be gleaned from the factual allegations contained in his Complaint, his Complaint fails to state a claim upon which relief may be granted.  On April 10, 2019, the Magistrate Judge held a status conference at which Plaintiff was present, he was provided with a copy of the Motion to Dismiss, and he was advised that the response deadline was May 30, 2019.  To date, Plaintiff has failed to respond to the instant motion, which is in violation of Local Rule 12.1(b).[2]

## II.    Proposed Analysis

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true.  *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).  A plaintiff can support

---

[2] Local Rule 12.1(b) states that a "party opposing a motion to dismiss must file a response within 28 days after the motion is served."

3

a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells*

4

*v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)  A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted).  District Courts "have no obligation to act as counsel or paralegal" to pro se litigants.  *Pliler v. Ford*, 542 U.S. 225, 231 (2004).  District Courts are also not "required to create" a pro se litigant's claim for him.  *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

Upon review, Plaintiff's Complaint does not state any causes of action against Defendants. Furthermore, he does not reference any legal authority whatsoever.  Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Here, it is RECOMMENDED that there is neither a short and plain statement of the claim nor a showing that the pleader is entitled to relief based upon that claim.

Additionally, even if the Court were to construe Plaintiff's *pro se* Complaint to state claims for defamation, false light invasion of privacy, and/or a violation of the due process clause of the Fourteenth Amendment to the United States Constitution, as Defendants suggest is arguably plausible, it is RECOMMENDED that he still fails to state a claim upon which relief may be granted.

With respect to any potential claim of defamation, Tennessee law requires that a plaintiff establish that (1) a party published a statement with either (a) knowledge that the statement is false and defaming to the other, or (b) reckless disregard for the truth of the statement, or (c) negligence in failing to ascertain the truth of the statement.  *Brown v. Mapco Exp., Inc.*, 393 S.W.3d 696, 708 (Tenn. Ct. App. 2012) (quoting *Sullivan v. Baptist Mem. Hosp.*, 995 S.W.2d 569, 571 (Tenn.

5

1999)).  Plaintiff's Complaint alleged that the student's claim "resulted in submission of a false complaint, police report, Childrens' Services Complaint, and in-school gossip and chatter."  Yet Plaintiff's Complaint further alleges that the student, not any of the Defendants, made the complaint of sexual assault.  Similarly, the Complaint does not allege that any of the Defendants filed the Childrens' Services Complaint, or participated in the "in-school gossip and chatter."[3]

Further, although Plaintiff's Complaint surmises that Defendants knew that the student's sexual-assault claim was false, Plaintiff's Complaint provides no allegations supporting that claim. On the contrary, Plaintiff's Complaint alleges that the student provided a witness who corroborated his claim.  Thus, Plaintiff's Complaint does not allege that the statement was either knowingly false and defaming, made with reckless disregard for the truth, or negligently made by failing to ascertain the truth.  Accordingly, it is RECOMMENDED that, even if Plaintiff's Complaint were to be construed as attempting to set forth a claim of defamation, such a claim fails to state a claim upon which relief may be granted.

With respect to any potential claim of false light invasion of privacy, stating a prima facie case under Tennessee law requires as follows: (1) publicity (2) that places the plaintiff in a false light (3) that is highly offensive to a reasonable person and (4) that was made with the knowledge that the statement was false or with recklessness as to the falsity of the statement.  *West v. Media Gen. Convergence, Inc.*, 53 S.W.3d 640, 643-44 (Tenn. 2001).  As with any potential defamation claim discussed, *supra*, Plaintiff's Complaint does not allege that any statements made were done with knowledge that  the statement was false or with recklessness as to the falsity of the statement.  Accordingly, it is RECOMMENDED that, even if Plaintiff's Complaint were to be

---

[3]  Plaintiff's Complaint does allege that Defendant Nekita Johnson filed the "false report."

6

construed as attempting to set forth a claim of false light invasion of privacy, such a claim fails to state a claim upon which relief may be granted.

Finally, with respect to any potential due-process claim, a substantive due-process claim requires Plaintiff to allege  that Defendants deprived him of a fundamental right.  *Bacher v. City of North Ridgeville*, 85 F.3d 628 (6th Cir. 1996).  Plaintiff does not allege the deprivation of any fundamental right.  Further, a procedural due-process claim requires Plaintiff to allege that (1) he had a life, liberty, or property interest protected by the Due Process Clause of the Fourteenth Amendment; (2) he was deprived of this protected interest; and (3) the state did not afford him adequate procedural rights."  *Steele-Brown v. Stoddard*, 192 F. Supp. 3d 812, 819 (E.D. Mich. 2016).  Plaintiff's Complaint fails to allege the deprivation of a life, liberty, or property interest.  Accordingly, it is RECOMMENDED that, even if Plaintiff's Complaint were to be construed as attempting to set forth due-process violation, such a claim fails to state a claim upon which relief may be granted.

### III. Conclusion

For the reasons set forth herein, it is RECOMMENDED that Defendants' Motion to Dismiss be GRANTED.

**SIGNED** this 6th day of April, 2020.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE


**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C).   FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**